**GHEEN et v DALONZO et**

Ohio Appeals, 9th Dist, Summit Co.

No. 3138.    Decided April 28, 1939

Amer, Sophrin & Cunningham, Akron, and W. Herschel Cox, Akron, for appellants.

Ferbstein & Sicherman, Akron, for appellees.

## OPINION

By WASHBURN, PJ.

This was an action to recover a judgment upon a promissory note, given by the defendants to the plaintiffs, and the issue upon which it was submitted to a jury was as to whether there had been an accord and satisfaction agreement between the plaintiffs and the defendants.

A joint answer was filed by two defendants, and a joint answer was filed by two other defendants. Later one of said joint answers was amended by interlineation, and issues were joined by replies. Thereafter, by leave of the court, amended joint answers were filed and the cause was submitted to a jury upon a single issue, and a verdict was returned for the defendants. After the cause was submitted to the jury, the court permitted the defendants to amend their joint answers by striking therefrom certain allegations relating to the issue upon which the cause was submitted to the jury.

In sumitting said issue to the jury, the court, in anticipation of such last amendment, stated that the claim of defense of the defendants was that defendants "orally agreed with the plaintiffs, through Mr. Wenk, to **convey** the title of these premises to the plaintiffs, in consideration whereof the plaintiffs agreed to accept the conveyance and to return and deliver to the defendants the promissory note set forth in the petition, to satisfy and discharge said note in that manner. The defendants further say that in pursuance of this agreement that defendants * * * **surrendered** the premises to the plaintiffs herein, and that the plaintiffs collected the rents and profits from that time on for a period of four years, and that by reason thereof the said promissory note became fully paid, satisfied and discharged." (Emphasis ours).

It will be noted that the agreement claimed was to **convey** and that the satisfaction plead was that the defendants **surrendered** the premises.

Such issue appeared in the case in that form only by virtue of permission

granted by the trial court to amend the petition by interlineation in order that it might conform to the proof.

In submitting that issue, the court said to the jury: "The defense that the defendants are making in this case is one of payment. That is, that by reason of the alleged agreement the note became paid, principal and interest, and was discharged." The note could be satisfied under the agreement only by carrying the agreement of accord into execution, and that necessitated a conveyance of said property by the defendants to the plaintiffs. The court failed to so charge the jury; the court did not even charge that the accord could be satisfied by a "surrender of the premises" to the plaintiffs.

The court thus committed an error of commission in the first place, by charging that the claim was that the note became paid "by reason of the alleged agreement"—not by reason of the agreement **and its performance;** and in the second place, by failing to charge that the agreement had to be performed in order that it might work a discharge of the note sued upon.

In view of the lack of evidence as to the execution and delivery of a deed of conveyance by the defendants to the plaintiffs, such error of the court was highly prejudicial.

There is only one other matter to which we deem it necessary to refer.

As has been said, the case was submitted upon that issue as explained by the court, and a verdict was rendered for the defendants on June .17, 1938, and the motions for a new trial and for judgment notwithstanding the verdict were not overruled and judgment entered for the defendants until December 6, 1938, and the cause was appealed to this court on December 14, 1938.

After the cause was thus transferred to this court, counsel for defendants, without notice to opposing counsel, obtained leave of the Common Pleas judge to file second amended answers, in which the agreement of accord was alleged to be that the defendants should "surrender possession of said premises to plaintiffs," in consideration whereof the plaintiffs agreed "to return and deliver to the plaintiffs the promissory note set forth in the petition."

That leave was granted almost six months after the verdict of the jury, and three weeks after judgment upon the verdict, and two weeks after the cause had been appealed to this court; and it alleged a consideration for the accord agreement which had not been submitted to the jury.

Under the circumstances we have detailed, we hold that it was an abuse of discretion on the part of the trial court to permit the filing of said second amended answers.

For the error in the charge of the court which has been pointed out, the judgment is reversed, and the cause remanded to the Court of Common Pleas, with the suggestion that, in view of the condition of the pleadings, the defendants now be required to file an answer upon which they are willing to try the lawsuit. The cause is accordingly remanded.

DOYLE, J. & STEVENS, J., concur.