**MOYER, Plaintiff-Appellant, v. MERCHANTS FIRE ASSURANCE CORPORATION OF NEW YORK, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4831.   Decided February 23, 1954.

Henry A. Reinhard, Columbus, for plaintiff-appellant.

Vorys, Sater, Seymour & Pease, Arthur I. Vorys, of Counsel, Columbus, for defendant-appellee.

## OPINION

By THE COURT.

This is a law appeal from the judgment of the Common Pleas Court reversing that of the Municipal Court of Columbus, Ohio, in favor of the plaintiff, for the sum of $1000.00. The action was one wherein the plaintiff sought to recover the fire loss sustained by her to a certain building upon which the defendant, the Merchants Fire Insurance Company, had issued its policy of insurance and which was in full force and effect at the time of the loss. The petition alleges that "plaintiff has duly performed all the conditions on her part to be performed," which proof must be established before recovery may be had unless the same was waived by the insurance company. The Common Pleas Court, in a well considered opinion, pointed out that the policy required that immediate notice of loss must be given to the insurance company and that within 60 days thereafter, unless such time was extended by the company, a proof of loss must be given to the company, the same to be signed and sworn to by the insured. It held that these two notices were required by the terms of the policy, to be given by the insured before the action could be maintained. Our examination of the record is in accordance with the finding by Judge Gessaman, that it fails to disclose that the required notices were given to the insurance company.

The plaintiff attempted to prove notice and also urges that the record discloses that the company waived these requirements. The Court was of the opinion that since waiver was not pleaded that the same could not be considered. Citing **The Eureka Fire and Marine Ins. Co. v. Baldwin, 62 Oh St 368**; and **The List & Sons Co. v. Chase, 80 Oh St 42.** These cases support the Court's conclusion. In view of the decision of the Common Pleas Court the plaintiff now asks this Court for permission to amend the petition to conform to the evidence, by pleading waiver and disclaimer by the insurance company. The power of a court to amend a pleading is found in §11363 GC, which in part provides that,

"Before or after judgment, in furtherance of justice and on such terms as it deems proper, the court may amend any pleading * * *, when the amendment does not substantially change the claim or defense, by conforming the pleading or proceeding to the facts proved * * *."

We are of the opinion that the application to amend at this time should be overruled for two reasons: First, the proven facts do not support the same; second, we think the power to amend pleadings is restricted to the trial court and may not be exercised by a reviewing court where the appeal is on questions of law only, which is this case. According to the case of **Gheen v. Dalonzo, 33 Abs 94,** even for the trial court to attempt to amend the pleading at this date would constitute an abuse of discretion. The second paragraph of the syllabus of this case provides:

"The trial court's granting leave to counsel for defendant without notice to opposing counsel to file amended answers six months after the jury verdict, three months after judgment and two weeks after the

appeal has been lodged in the Court of Appeals, constitutes an abuse of discretion."

We find no error in the record and the judgment will be affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.